**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 21, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTONIO TORRES-RIVERA,

     Petitioner,

v.

JEFFERSON B. SESSIONS, III, United
States Attorney General,

     Respondent.

No. 17-9511
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Antonio Torres-Rivera petitions for review of a decision by the Board of

Immigration Appeals (BIA) denying his applications for relief from removal and

protection under the Convention Against Torture (CAT). Our jurisdiction arises

under 8 U.S.C. § 1252(a). We dismiss the petition for review for lack of jurisdiction

to the extent that Mr. Torres-Rivera raises issues he did not exhaust in his BIA

appeal. We deny the remainder of the petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I. Background

Mr. Torres-Rivera is a native and citizen of El Salvador. He was detained by immigration officials shortly after entering the United States without valid entry documents in March 2012. In response to a Notice to Appear, Mr. Torres-Rivera conceded removability and applied for asylum, withholding of removal, and protection under the CAT.

"To be eligible for asylum, an alien must establish by the preponderance of the evidence that he or she is a refugee," defined as "an alien unable or unwilling to return to the country of origin 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Rivera-Barrientos v. Holder*, 666 F.3d 641, 645-46 (10th Cir. 2012) (quoting 8 U.S.C. § 1101(a)(42)(A)) (italics omitted). Mr. Torres-Rivera claimed that he had been persecuted by gang members in El Salvador on account of his membership in a particular social group.

At his hearing before an immigration judge (IJ), Mr. Torres-Rivera claimed to be a member of four social groups: (1) "[s]mall store owners in El Salvador"; (2) "member of a family who has reported gang activities including serious criminal violations"; (3) "member of a family who has failed to pay extortion money"; and (4) "[f]ormer employee of a government contractor who is asked to submit period[ic] background checks." Admin. R. at 128-29. The IJ denied his applications for relief,

finding that he failed to meet his burden to show that the alleged persecution was, or would be, on account of his membership in a particular social group.[1]

"To obtain relief under the Convention Against Torture, aliens must prove it is more likely than not they will be tortured upon return, although the torture need not be on account of a protected status." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1202 (10th Cir. 2006). The IJ denied Mr. Torres-Rivera's request for CAT protection because there was no evidence that he would be tortured by or with the acquiescence of the Salvadoran government.

The BIA dismissed Mr. Torres-Rivera's appeal. It agreed with the IJ that he failed to demonstrate that he was targeted for persecution on account of his membership in a particular social group. The BIA first held that Mr. Torres-Rivera failed to establish that he is a member of a social group consisting of small store owners in El Salvador. Because corroborating evidence should have been readily available, the BIA agreed with the IJ that Mr. Torres-Rivera presented insufficient evidence that he was, in fact, a store owner in El Salvador.

The BIA also concurred with the IJ that none of Mr. Torres-Rivera's other proposed groups was a cognizable social group in El Salvador.[2] The BIA held that

---

[1] Having failed to establish his claim for asylum, Mr. Torres-Rivera necessarily failed to meet the higher burden of proof for withholding of removal. *See Uanreroro v. Gonzales*, 443 F.3d 1197, 1202 (10th Cir. 2006).

[2] Mr. Torres-Rivera did not reassert in his BIA appeal his claim of persecution based on membership in the fourth proposed social group consisting of government contractors required to submit to periodic background checks. The BIA therefore deemed that issue waived.

3

his second proposed social group—member of a family who has failed to pay extortion money—was not cognizable under BIA case law rejecting a social group defined by its resistance to gangs. The BIA also cited our decision in *Rivera-Barrientos*, 666 F.3d at 653, in which we held there was "no evidence to suggest that Salvadoran society considers young women who have resisted gang recruitment to be a distinct social group." While acknowledging that a family can constitute a particular social group, the BIA found that Mr. Torres-Rivera presented no evidence that family members who oppose gang extortion efforts are viewed as a distinct group in Salvadoran society. Addressing his final proposed social group— member of a family who has reported gang activities, including serious criminal violations—the BIA found that he failed to present evidence that Salvadoran society considers informants who report on gang activity to be a distinct social group.

The BIA further held that Mr. Torres-Rivera failed to meet his burden to show that his membership in any particular social group was, or will be, a central reason for his persecution. Thus, even if he had demonstrated his membership in a cognizable social group, the BIA found no clear error in the IJ's determination that Mr. Torres-Rivera did not establish that he was targeted for persecution on account of this protected ground. Finally, the BIA agreed with the IJ that Mr. Torres-Rivera had not met his burden to demonstrate eligibility for protection under the CAT.

4

## II.    Discussion

We review the BIA's full-panel decision in this case, which superseded the IJ's decision.  *See Uanreroro*, 443 F.3d at 1203.

> When reviewing a BIA decision, we search the record for substantial evidence supporting the agency's decision.  Our duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole.  Agency findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary.

*Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (citations, brackets, and internal quotation marks omitted).

In his petition for review, Mr. Torres-Rivera argues he was subjected to past persecution by gangs based on his membership in "a social group of small business owners of the Torres family originating from Sonsonate, El Salvador."  Aplt. Opening Br. at 12.  He maintains that "as local business owners Mr. Torres, and other members of the Torres family, were social[ly] visible in their small town in El Salvador as merchants belonging to the same family."  *Id.* at 11.  He points to his own testimony as evidence of his membership in this social group.

We cannot address this contention because Mr. Torres-Rivera did not raise it in his BIA appeal.  "This Court may only retain jurisdiction over claims challenging a final order of removal 'if the alien has exhausted all administrative remedies available . . . as of right.'"  *Sidabutar*, 503 F.3d at 1118 (quoting 8 U.S.C. § 1252(d)(1)).  "[W]e generally assert jurisdiction only over those arguments that a petitioner properly presents to the BIA."  *Id.*  Here, Mr. Torres-Rivera raises, for the

5

first time on appeal, an argument based on a different "particular social group" than any of the proposed social groups that he identified and based his claims for relief upon before the IJ and in his BIA appeal.  Because he failed to exhaust his administrative remedies with respect to this new social group, we lack jurisdiction to consider it.  *See id.*; *see also Rivera-Barrientos*, 666 F.3d at 647 n.2 (declining to consider claim based on different social-group characteristics than those raised before the BIA).  We therefore dismiss the petition for review for lack of jurisdiction to the extent that Mr. Torres-Rivera raises unexhausted contentions related to a new particular social group.

Mr. Torres-Rivera also fails to show any error in the BIA's determinations regarding the particular social groups he relied on in his BIA appeal.  He argues that his credible testimony is sufficient to establish his burden of proof without corroboration, citing 8 C.F.R. § 208.16(b).  To the extent this contention relates to the BIA's holding that his testimony was insufficient to show that he was, in fact, a store owner in El Salvador, he fails to show any error.  Section 208.16(b) provides only that an applicant's testimony "may be sufficient" to sustain his burden of proof to demonstrate eligibility for withholding of removal.  *Id.*  Here, the BIA cited 8 U.S.C. § 1158(b)(1)(B)(ii), which provides, "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."  In light of Mr. Torres-Rivera's failure to explain "the lack of what should be readily available evidence substantiating his

6

claim that he was a store owner," Admin. R. at 4, the BIA upheld the IJ's determination that he failed to establish he was a member of the claimed group. Mr. Torres-Rivera does not acknowledge or develop an argument of error in the BIA's reasoning or its determination of this issue.

Mr. Torres-Rivera also maintains that he demonstrated past persecution based on evidence that gang members threatened him and his family and murdered his father and brother. He argues that, having established past persecution, he is entitled to a presumption of future persecution. But the BIA held that he failed to show he was targeted for persecution based on a protected ground, specifically, his membership in the particular social groups that he identified. It noted that his "failure to demonstrate the requisite nexus [was] dispositive." *Id.* at 7. Once again, Mr. Torres-Rivera fails to address the BIA's determination or develop any argument of error.

Finally, Mr. Torres-Rivera also advances no argument of error in the BIA's denial of his application for protection under the CAT.

## III.    Conclusion

The petition for review is dismissed to the extent this court lacks jurisdiction; the remainder of the petition for review is denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

7